UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                    Chapter 11

AL YEGA, LLC,                                             Case No. 20-10383 SHL
                    Debtor.


----------------------------------------------------------X

AL YEGA, LLC,


                    Plaintiff,                           Adv. Proc. No.
-against-

THE COUNTY OF NASSAU,

                    Defendant.

----------------------------------------------------------X

### COMPLAINT SEEKING DETERMINATION OF AMOUNT AND LEGALITY
### OF TAX LIENS, DECLARATORY RELIEF


       AL YEGA, LLC, for its complaint against the County of Nassau, respectfully shows and

alleges:

### THE PARTIES

       1.      Plaintiff, Al Yega, LLC (hereafter "Plaintiff" or the "Debtor"), is a New York

corporation with a principal place of business at 1001 6th Avenue, Ste 1236 New York, NY

10018.

       2.      Plaintiff is the fee owner of the real property and improvements located in the

County of Nassau at 435 First Street, Mineola, New York 11501, more specifically described as

Section 9, Block 672, Lot 4 (the "Property").

3.       The Debtor filed a petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in this Court on February 10, 2020 and was automatically continued in possession of its property and operation of its business as a debtor in possession pursuant to §1107 of the Bankruptcy Code.

4.       Defendant the County of Nassau (the "County") is a political subdivision of the State of New York with an address at One West Street, Mineola, New York 11501.

5.       On or about February 21, 1995, the County sold a tax lien certificate for the Property to itself for non-payment of 1993 and 1994 general and school taxes, Certificate No. 1994001301 which currently has a balance claimed of approximately $3,269,099.22 (the "1994 Certificate").

6.       The County retains and currently holds the 1994 Certificate issued for non-payment of the 1994 real property taxes and has merged subsequent taxes, on information and belief, for years up to and including 2019, to the 1994 Certificate.

7.       As of August 2019, the County claimed to be owed over $4,000,000 in back taxes with approximately $3,269,099.22 being based on the 1994 Certificate.

## JURISDICTION AND VENUE

8.       This Court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C §§ 157 and 1334.

9.       This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

10.      Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

11.      The statutory basis for the relief requested in the complaint are 11 U.S.C. §§ 105, 505(a)(1), and 1107(2), Article 2 of the Nassau County Administrative Code ("Enforcement at Collection of Taxes by County Treasurer"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## PRELIMINARY STATEMENT

12.    Plaintiff brings this action to prevent a miscarriage of justice against the Debtor and the estate and a planned fraudulent conveyance of the Debtor's real estate asset.    The County is attempting to use a tax lien from 1994 in the approximate aggregate amount of $3,269,099.22 (hereinafter, the "1994 Certificate"), which is *uncollectable and invalid under the County's own code,* to prevent the Debtor from retaining, selling or otherwise using the Property as a landowner with all of the attendant rights of ownership.    Moreover, notwithstanding that it seeks collection of the uncollectable tax lien on the one hand from the Debtor, the County has, on the other hand, entered into an agreement with AJM Capital II, LLC ("AJM") dated April 4, 2019 (the "2019 AJM Agreement"), whereby the 1994 Certificate will be forgiven (notwithstanding the fact that it is already uncollectable and void).    The County essentially concedes that the tax lien is void in the 2019 AJM Agreement by waiving any rights it has to the 1994 Certificate for little, if any, consideration.[1]

13.    The Debtor previously filed a lawsuit in the Supreme Court, Nassau County, against the County and AJM for, among other things, declaratory judgment and to quiet title.    On February 6, 2020, the Supreme Court issued a ruling denying the Debtor's request for a preliminary injunction preventing the County and AJM from transferring the Property pending the outcome of the merits of the case.    Once the State Court lifted the existing temporary restraining order that

---

[1] Because of the recent convictions of notable politicians in Nassau County and their connection to the facts of this case, it is noteworthy that AJM is and was a significant political donor in Nassau County.    According to political contribution records available online, "AJM Capital" (on information and belief, the sole member of AJM) increased its contributions to "Friends of Ed Mangano" from $500.00 in 2010 and $1,950 in 2011 (the year it received the first part of the Nassau County property/tax lien transfers) to $21,400 in 2012 and $17,500 in 2013 (by calendar year) https://www.elections.ny.gov/ContributionSearchB_Name.html.    The original "Assignment and Transfer" agreement between the County and AJM in 2011 (the 2019 AJM Agreement is actually an amendment of a 2011 agreement whereby the subject Property was added to the 2011 agreement) was executed on behalf of the County by Richard "Rob" Walker, the former Chief Deputy County Executive of Nassau County, who, after a federal probe into Nassau County contracts, entered a guilty plea of covering up a bribe he accepted in an unrelated pay-to-play transaction.    Mr. Walker and Mr. Walker's boss, Edward Mangano, the disgraced former Nassau County Executive who was convicted after trial on multiple counts of accepting bribes and kickbacks in exchange for official government action, and for conspiracy to obstruct justice, on information and belief, are awaiting sentencing on their convictions.

had been in place, the Debtor was compelled to file the instant Chapter 11 case because, on information and belief, the Village of Mineola (the "Village") was prepared to transfer the Property to AJM on the basis of application for a tax deed by AJM.   There has been no discovery in the State Court action and the defendants have not yet answered the Amended Complaint.   The State Court has not ruled on the substance and issues raised in this Complaint.

14.     The Debtor files this action in this Court on the narrow issues *(a) whether the 2011 Notice to Redeem (defined below) served by the County and concerning the 1994 Certificate was cancelled pursuant to Section 5-51.0(j) of the Nassau County Administrative Code thereby nullifying all subsequent actions based thereon, and (b) for a determination of the amount and or legality of any real estate tax owed to the County against the Property pursuant to 11 U.S.C. §505(a)(1).*  If the 2011 Notice to Redeem was cancelled, as the Debtor argues, then the 1994 Certificate is invalidated and is beyond the statutory period for collection.

15.     The determination of the amount and legality of a tax liability under 11 U.S.C. 505(a)(1), is squarely within this Court's jurisdiction and this action will enable a determination of the tax debt expeditiously and before any transfer of the Property takes place.

16.     If the County and Village had been permitted to transfer the Property to AJM, AJM would have received a windfall – forgiveness/waiver of over $5,000,000 in tax debts - while the rest of the creditors received nothing.  Such a transfer may have been subject to avoidance as a fraudulent conveyance, but the Debtor would have been removed from title and any creditor on the service list for the notice to redeem would have been foreclosed from any recovery.

## BACKGROUND

17.     Plaintiff purchased fee simple title to the Property pursuant to a Quitclaim Deed from M.V. Barmed Realty, Inc., dated March 7, 2019 and recorded in the Office of the Clerk of

the County of Nassau as Instrument Number 2019-00020748 in Liber D13776, Page 554 on March 7, 2019.

18.    Said purchase was for $50,000 and was subject to certain alleged tax liabilities on the Property due to, among others, defendant, the County of Nassau.

19.    Subsequently unpaid taxes for the approximate period of 1995 to 2019 with respect to the Property were added to the 1994 Certificate.

20.    On or about August 1, 2011, the County issued a Notice to Redeem to the former owner of the Property with respect to the 1994 Certificate (the "2011 Notice to Redeem").  A copy of the 2011 Notice to Redeem is annexed hereto as **Exhibit "A**."

21.    The 2011 Notice to Redeem on which the County's Deed Application is premised, states on its face that the following taxes need to be paid to redeem the tax lien:  "*1994/1995 thru & Including [sic] 2010/2011 FULL SCHOOL, 1996 First Portion County, 1995 Thru & Including [sic] 2010 FULL GENERAL (Should the 2011 General tax not be paid at the Receiver, it will also be included as of 9/1/11).*"

22.    Thereafter, not only the 2011 General Tax was added to the 1994 Certificate, but all unpaid taxes through and including those owed for all subsequent years through 2019.

23.    **Section 5-51.0(j) of the Nassau County Administrative Code provides that if the holder of a certificate pays further taxes that are not set forth in the Notice to Redeem, "*then such notice shall be deemed cancelled and the holder of the certificate, or the assignee thereof, shall be required to serve a new notice to redeem in which such taxes shall be set forth together with such other information as shall be required by this code.*"**

24.    As soon as the 2011 general tax was added to the 1994 Certificate on September 1, 2011, the 2011 Notice to Redeem became cancelled pursuant to the applicable law and a new notice to redeem was required to have been served which the County has not done.

25.     The 2011 Notice to Redeem was deemed cancelled pursuant to section 5-51.0(j) of the Nassau County Administrative Code on September 1, 2011.

26.     Alternatively, the 2011 Notice to Redeem was cancelled because the County continued to merge tax debts going forward after November 2011 into the 1994 Certificate, all while failing to act for years to take title on its Deed Application.   The Deed Application is rendered a nullity by the fact that the 2011 Notice to Redeem was not longer valid as of September 1, 2011 and/or by the merger of years and years of subsequent taxes into the 1994 Certificate, not to mention, by the doctrine of laches.   This delay in time and merger of years of subsequent taxes was fatal to the 2011 Notice to Redeem and it was cancelled thereby pursuant to section 5-51.0(j) of the Nassau County Administrative Code.

27.     Notwithstanding the cancellation of the 2011 Notice to Redeem, on November 10, 2011, the County Treasurer filed a tax deed application (the "Deed Application") ***based on*** the cancelled 2011 Notice to Redeem. However, because the Deed Application was based on a cancelled notice to redeem, it is a nullity.  A copy of the Deed Application is annexed hereto as **Exhibit "B."**

28.     The Deed Application was never acted on by the County other than an alleged assignment of same to AJM under the 2019 AJM Agreement.   However, the assignment of a nullified document is in itself a nullity or non-event.[2]

29.     Accordingly, without a valid notice to redeem, the County cannot transfer title to the Property, **but more importantly**, **because the County must serve another notice to redeem, it is no longer timely.**

---

[2] 5-53.0 of the Nassau County Administrative Code provides that the right to a deed runs to the holder of the tax lien certificate.   There is no mention of a right to assign.   "Conveyance by the County when tax lien is not satisfied. If such tax lien is not satisfied, *the County Treasurer shall prepare and execute to the holder of such certificate of sale of the tax lien a conveyance of the real estate on which the tax lien has been sold*. This conveyance shall vest in the grantee an absolute estate in fee, subject to any claims which the County may have thereon for tax or other liens or encumbrances."

30.    On or about June 10, 2019, after the Debtor had taken title and a deed reflecting same was recorded in the County Clerk's office, the County entered into the 2019 AJM Agreement, for no stated consideration, the County agreed to transfer a rights in an alleged tax deed application for the Property filed in 2011, but never acted upon, to AJM.

31.    While section 5-45.0 of the Nassau County Administrative Code permits the assignment of tax lien certificates, there is no provision of the Nassau County Administrative Code that permits the assignment of tax deed applications.   (See footnote 2)

32.    In addition, when a tax lien certificate is assigned, any previously served notices to redeem are deemed cancelled pursuant to section 5-51.0(i) of the Nassau County Administrative Code and a new notice to redeem bearing the name of the assignee must be served.

33.    The Debtor was not served with the 2011 Notice to Redeem or any subsequent notice to redeem.

34.    The assignment of the Deed Application to AJM is and was an acknowledgement by the County that it was out of time on the 1994 Certificate.   Moreover, the assignment to AJM constitutes an improper attempt by the County to extend the limitations period for the 1994 Certificate in perpetuity, and an attempt to circumvent the cancellation and notice provisions of section 5-51.0(i) of the Nassau County Administrative Code.

35.    In violation of Section 5-51.0(j) of the Nassau County Administrative Code, the County is relying on its 2011 Notice to Redeem as a valid and enforceable notice when in fact it is cancelled by statute making the taxes originally owed and then merged into the 1994 Certificate, time-barred, invalid and unenforceable.   These taxes must be removed from the County records.

36.    Pursuant to section 5-51.0(h) of the Nassau County Administrative Code, any application for a County Treasurer's deed or a foreclosure action in connection with a tax lien certificate must be made within fifteen years of the first day on which a notice to redeem could

first be served, which, pursuant to section 5-51.0(b) is after the expiration of twenty-one months

from the date of the sale of the tax lien.

37.      If the deed application or action to foreclose is not made or commenced within this

time period, then "*all rights of the holders of such tax lien to enforce it shall terminate and the tax

lien shall cease to be a lien upon the real property described therein and the County Treasurer

shall mark his records accordingly.*" 5-51.0(h) of the Nassau County Administrative Code

38.      In this case, the 1994 Certificate was sold on February 21, 1995.

39.      As a result, where no valid application for a County Treasurer's deed was made or

action to foreclose was commenced on or before November 21, 2011, i.e. fifteen years after

twenty-one months from the date of sale of the tax lien, the 1994 Certificate would no longer be a

valid lien on the Premises and the County would not be able to entertain an application for a deed

and no party could commence a foreclosure action.

40.      Apparently, to impermissibly extend this already-lengthy limitations period

indefinitely, as described above, the County attempted to serve a notice to redeem and file a tax

deed application immediately prior to the November 21, 2011 deadline. However, the Deed

Application is a nullity or otherwise unenforceable and the tax liens contained in the 1994

Certificate are unenforceable pursuant to Nassau County Administrative Code § 5-51.0(h).

41.      The Supreme Court only ruled that the Deed Application was *timely (i.e.,* within

the 15-year period under *5-51.0(h) of the Nassau County Administrative Code)*.  This was merely

a threshold finding by the Supreme Court that, on its face, the Deed Application was made within

the statutory period and the case could proceed to determine the merits.   The Supreme Court also

found that the County was permitted to merge subsequent tax liens into the 1994 Certificate.

Nothing of any substance was decided as to the validity of the Deed Application, the 2011 Notice

to Redeem, or the 1994 Certificate.   The timeliness of the Deed Application is not at issue here.

The validity of the 2011 Notice to Redeem is at issue.

42.     The Court's ruling has no bearing on the fact that the 2011 Notice to Redeem is cancelled prior to the issuance of the Deed Application by virtue of Section 5-51.0(j) of the Nassau County Administrative Code.

43.     But for the County's refusal or neglect to cancel its 1994 Certificate as required by statute, and as is the County's practice, the Debtor would have paid all the otherwise allowed taxes owed to the County and the Village.

## FIRST CAUSE OF ACTION
(Declaratory Judgment Declaring the
2011 Notice to Redeem Cancelled)

44.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     A valid and effective notice to redeem is cancelled by pursuant to **Section 5-51.0(j) of the Nassau County Administrative Code** which **provides that if the holder of a certificate pays further taxes that are not set forth in the Notice to Redeem, "*then such notice shall be deemed cancelled and the holder of the certificate, or the assignee thereof, shall be required to serve a new notice to redeem in which such taxes shall be set forth together with such other information as shall be required by this code.*"**

46.     The 2011 Notice to Redeem was cancelled pursuant to Section 5-51.0(j) of the Nassau County Administrative Code.

47.     Because the 2011 Notice to Redeem was cancelled by statute, any deed application by the County or AJM based on the 2011 Notice to Redeem would also be deemed a nullity.

48.     Upon information and belief, it is the pattern and practice of the County Treasurer not to accept deed applications based on notices to redeem that are defective or are greater than several months old.

49.     The County did not file a subsequent notice to redeem after the 2011 Notice to Redeem was cancelled.

50.      As a result of the foregoing, pursuant to section 5-51.0(h) of the Nassau County Administrative Code, because no tax deed application based on a valid notice to redeem was "made" within the limitations period or, in the alternative, was made, but was subsequently cancelled by merger of years of additional taxes and by the doctrine of laches, and therefore is a nullity, all rights of the County to enforce the tax liens embodied in the 1994 Certificate have terminated and the County Treasurer should mark his records accordingly.

51.      A justiciable controversy exists between Plaintiff and the defendant as to the enforceability of the 1994 Certificate, the cancellation of the 2011 Notice to Redeem and the nullity of the Deed Application and as to whether the tax liens embodied in the 1994 Certificate have terminated pursuant to section 5-51.0(h) of the Nassau County Administrative Code.

52.      By reason of the foregoing, Plaintiff is entitled to a declaratory judgment declaring, adjudging and decreeing (i) that the 2011 Notice to Redeem was cancelled pursuant to Section 5-51.0(j) of the Nassau County Administrative Code, and (ii) that all subsequent actions by the County based on the 2011 Notice to Redeem are a nullity.

## AS AND FOR A SECOND CAUSE OF ACTION
(11 U.S.C. Section 505(a)(1) *determine the amount or legality of any tax debt*)

53.      Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.      Pursuant to 11 U.S.C. Section 505(a)(1), the Bankruptcy Court "*may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction*."

55.      The determination of the amount and legality of the County's tax liens against the Property are essential to the administration of the estate.

56.     The Debtor respectfully requests that this Court determine the amount and legality of the County tax debt and liens as against the Property and expunge any tax debt merged in the 1994 Certificate as it is beyond the limitations period and directing the Nassau County Treasurer to strike/remove/expunge the 1994 Certificate and all tax debt merged therein from the tax lien records.

**WHEREFORE**, Plaintiff/Debtor prays that the Court:

A.  On the First Cause of Action, issue a judgment declaring, adjudging and decreeing (i) that the 2011 Notice to Redeem was cancelled pursuant to Section 5-51.0(j) of the Nassau County Administrative Code, and (ii) that all subsequent actions based on the 2011 Notice to Redeem are a nullity;  and

B.  On the Second Cause of Action, for a judgment determining the amount and legality of the County's lien on the Debtor's real property and expunging any tax debt merged in the 1994 Certificate as it is beyond the limitations period and directing the Nassau County Treasurer to strike/remove/expunge the 1994 Certificate and all tax debt merged therein from the tax lien records; and

C.  grant Plaintiff such other and further relief as the Court deems just and proper.

Dated:  Roslyn, New York
        March 11, 2020

SPENCE LAW OFFICE, P.C.
Proposed Attorneys for the Debtor

By:     */s/Robert J. Spence*
        Robert J. Spence, Esq.
        55 Lumber Road, Suite 5
        Roslyn, New York 11576
        Tel.: (516) 336-2060

EXHIBIT A

FILED: NASSAU COUNTY CLERK 09/11/2019 08:56 AM
INDEX NO. 610500/2019
NYSCEF DOC. NO. 41
20-01060-shl    Doc 1    Filed 03/11/20    Entered 03/11/20 20:44:05    Main Document
RECEIVED NYSCEF: 09/11/2019
Pg 13 of 21

# AFFIDAVIT OF SERVICE
## OF
## NOTICE TO REDEEM

STATE OF NEW YORK:

COUNTY OF NASSAU:　　SS

I, _Carl Schroeter_ being duly sworn, deposes and says that he is the _Director_, of the Bureau _Office_ of Real Estate, of the _service_ County of Nassau, as representative of the holder of the below numbered certificate that there has been expended or necessarily incurred an expense of two hundred fifty dollars ($250.00) for examination of title and service of notice under Section 5-551.0 of the Nassau County Administrative Code in the case of the following certificate (s) a copy of the notice served being attached hereto, together with an affidavit of personal service for owners of class one and class two residential condominium units where required:

| TOWN OF: | TAX YEAR | CERTIFICATE # |
|---|---|---|
| NORTH HEMPSTEAD | 1994 | 1301 |

The above-numbered certificate (s) being in the sale of February _21, 19_95

Deponent further says that they served the above notice (s) by either personal service or by certified post-paid mail, return receipt requested, showing address where delivered on each of the persons or corporations named therein, by depositing in the Post Office, at Main Street & First Street Mineola, N.Y. 11501 on the _5th_ day of _August_, 2011, copies of the notice addressed to said persons or corporations at the addresses set forth after their names in said notice. The last known address of the persons served was determined by a search of the records in the County Clerk's Office, County Treasurer's Office and the Surrogate's Office of the County of Nassau and Tax Receiver's Office in which Town, City and/or Village the property is located.

Sworn before me this _9th_ day
of _August_, _2011_

_____ NOTARY

MICHAEL J. KELLY
Notary Public - State of New York
No. 02KE6175551
Qualified in Nassau County
Commission Expires October 29, 2011

FILED: NASSAU COUNTY CLERK 09/11/2019 08:56 AM
NYSCEF DOC. NO. 41
INDEX NO. 610500/2019
RECEIVED NYSCEF: 09/11/2019

20-01060-shl    Doc 1    Filed 03/11/20    Entered 03/11/20 20:44:05    Main Document
Pg 14 of 21

CLASS TWO PROPERTIES
(excluding residential
condominium units),
ALL CLASS THREE AND
CLASS FOUR PROPERTIES



## NOTICE TO REDEEM

TO:    All Interested Parties of Record

FROM:  **NASSAU COUNTY**
       Tax Lien Purchaser
       **NORTH**

RE:    Town **HEMP.**  S.D. **10**  Sect. **09**  Block **672**  Lot(s) **4**

       Tax Lien Certificate **1301** / **1994**
                            Number / tax year

DATE:  **August 1,2011**

### PLEASE BE ADVISED:

As the purchaser of a tax lien on the above-described property, it is required to notify all interested parties of public record prior to the expiration of the tax lien redemption period. This is your opportunity to take whatever steps you deem necessary to protect your individual interests in this property. The actual owner of this property should pay particular attention to this notification because the failure to act can result in either the commencement of a foreclosure action in court, or the Treasurer's issuance of a tax deed to the property described above. Anyone interested in protecting their property interest can do so by paying this tax lien before _**11/9/11**_ which is the first day the tax lien buyer has the right to apply for a tax deed or begin a foreclosure action in court.

### LIEN DESCRIPTION:

During the February **21, 1995**  Tax Lien Sale held by Nassau County, a tax lien certificate was sold due to the nonpayment of the following taxes:

_**1993/1994**_  School : 1st half became a lien October 1, **1993**

_**1993/1994**_  School : 2nd half became a lien April 1, **1994**

_**1994**_  General: 1st half became a lien January 1, **1994**

_**1994**_  General: 2nd half became a lien July 1, **1994**

The following additional taxes must also be paid in order to redeem the tax lien:
(if none, so state) **1994/1995 thru & Including 2010/2011 FULL SCHOOL**

**1996 First Portion County**

**1995 Thru & Including 2010 FULL GENERAL (Should the 2011 General**

**tax not be paid at the Receiver, it will also be included as of**

**9/1/11)**

**The expense of performing a title search and the cost of**
**serving this notice is two hundred fifty dollars ($250,00).**

(1)

20-01060-shl    Doc 1    Filed 03/11/20    Entered 03/11/20 20:44:05    Main Document
Pg 15 of 21

The property affected by this tax lien is located in the City/Town of __North Hempstead__
and is legally described as School District __10__ Section __09__ Block __672__
Lot(s) __4__ . This property is located at __435 First Street,__
__Mineola, N.Y. 11501__

**INSTRUCTIONS:** All tax lien redemption payments must be made by bank or certified
check issued to the County Treasurer, 240 Old Country Road, Mineola, NY 11501. In all
correspondence, please be sure to include the tax lien certificate number and correct
property description. Statements of total amount due can be obtained from the County
Treasurer's Office by written request or by calling (516) 571-3723.

**IMPORTANT:**    Property owners have no obligation to deal or negotiate with
individual tax lien purchasers privately. Lien Redemption Payments are handled and
accepted by the County Treasurer.

NASSAU COUNTY
TAX LIEN PURCHASER'S NAME
C/O Nassau County Treasurer
240 Old Country Road
ADDRESS
Mineola, New York    11501

INTERESTED PARTIES:

The title search and inspection performed on the property affected by this tax lien
reflects the following interested parties of record or occupants of the subject premises:

1. M. V. Barmed Realty Inc.
435 First Street
Mineola, N.Y. 11501

2. Robert Rossetti
110 Gold Place
Malverne, N.Y. 11565

3. 435 First Street Realty Associates
435 First Street
Mineola, N.Y. 11501

4. M.V. Barmed Realty Inc.
c/o Charles W. Flynn
138 Kilburn Rd.
Garden City, N.Y. 11530

5. Moud, Cotton & Wollan
125 Maiden Lane
New York, N.Y. 10038

6. NYS Dept. of Taxation & Finance
W.A Harriman Campus
Albany, New York 12227

7. M.V. Barmed Realty Inc.
155 First Street
Mineola, N.Y. 11501

8. Inc. Village of Mineola
P O Box 69
155 Washington Ave.
Mineola, N.Y. 11501

9. CH2M Hill
435 1st St.
Mineola, N.Y. 11501

10. Skadden, Arps, Slate, et al
919 Third Ave. Attn: C. Mcelhaney
New York, New York 10022

11. Berkman, Henoch, Petterson et al
777 Zeckendorf Blvd
Garden City, New York 11530

12. Joseph G. Page
55 Ashborne Rd
Garden City, N.Y. 11530

13. Jackson Steel Products Inc.
435 First St.
Mineola, N.Y. 11501

14. William Edwards Profit Sharing
Trust
1140 Franklin Ave. Room 200
Garden City, N.Y. 11530

15. M.V. Barmed Realty Inc.
138 Kilburn Rd.
Garden City, N.Y. 11530

16. Norstar Bank
40 Main Street
Hempstead, N.Y. 11550

17. Charles W. Thomas
76 Stratford Rd.
Garden City, N.Y. 11530

18. John J. Beransky
P.O. Box 260
159 Twin Lakes Rd
South Salem, N.Y. 10590

19. U.S. Environmental Protection Agcy
Region 2
290 Broadway
New York, N.Y. 10007-1866

(2)

FILED: NASSAU COUNTY CLERK 09/11/2019 08:56 AM
INDEX NO. 610500/2019

NYSCEF DOC. NO. 41                    20-01060-shl    Doc 1    Filed 03/11/20    Entered 03/11/20 20:44:05    Main Document                RECEIVED NYSCEF: 09/11/2019

Pg 16 of 21

| Name and Address of Sender | Treasurer of Nassau County 240 Old Country Road Mineola, New York 11501-0821 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Cert 1301/94    1 of 4

| Line | Article Number | Name of Addressee, Street, and Post Office Address | Postage | Fee | Handling Charge | Act. Value (if Regis.) | Insured Value | Due Sender if COD | R.R. Fee | S.D. Fee | S.H. Fee | Rest. Del. Fee Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7008 3230 0002 0072 3248 | M. V. Barmed Realty Inc. 435 First Street Mineola, N.Y.   11501 | | | | | | | | | | |
| 2 | 0072 3251 | Robert Rossetti 110 Gold Place Malverne, N.Y. 11565 | | | | | | | | | | |
| 3 | 0072 3269 | 435 First Street Realty Associates 435 First Street Mineola, N.Y. 11501 | | | | | | | | | | |
| 4 | 0072 3276 | M.V. Barmed Realty Inc. c/o Charles W. Flynn 138 Kilburn Rd. Garden City, N.Y.  11530 | | | | | | | | | | |
| 5 | 0072 3283 | Moud, Cotton & Wollan 125 Maiden Lane New York, N.Y.  10038 | | | | | | | | | | |
| 6 | 0072 3290 | NYS Dept. of Taxation & Finance W.A Harriman Campus Albany, New York  12227 | | | | | | | | | | |

Total Number of Pieces Listed by Sender: 6

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of Receiving Employee)

The full declaration of value is required on all domestic and international registered mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $50,000 per piece subject to a limit of $500,000 per occurrence. The maximum indemnity payable on Express Mail merchandise insurance is $500. The maximum indemnity payable is $25,000 for registered mail, sent with optional postal insurance. See Domestic Mail Manual R900, S913, and S921 for limitations of coverage on insured and COD mail. See International Mail Manual for limitations of coverage on international mail. Special handling charges apply only to third and fourth class parcels.

PS Form 3877, February 1994

Form Must be Completed by Typewriter, Ink or Ball Point Pen

*U.S. Government Printing Office: 1994 — 386-062

For Accountable Mail

AUG - 9 2011 1 9 Z 8

FILED: NASSAU COUNTY CLERK 09/11/2019 08:56 AM
NYSCEF DOC. NO. 41

INDEX NO. 610500/2019

RECEIVED NYSCEF: 09/11/2019

20-01060-shl    Doc 1    Filed 03/11/20    Entered 03/11/20 20:44:05    Main Document
Pg 17 of 21

| Article Number | Name of Addressee, Street, and Post Office Address | Postage | Fee | Handling Charge | Act. Value of Regis.) | Insured Value | Due Sender if COD | R.R. Fee | S.D. Fee | S.H. Fee | Restr. Del. Fee Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Treasurer of Nassau County<br>240 Old Country Road<br>Mineola, New York 11501-0821 | | | | | | | | | | 28 |
| 0008 3230 0000<br>0072 3306 | 7-<br>M.V. Barmed Realty Inc.<br>155 First Street<br>Mineola, N.Y. 11501 | | | | | | | | | | |
| 0072 3313 | 8-<br>Inc. Village of Mineola<br>P O Box 69<br>155 Washington Ave.<br>Mineola, N.Y. 11501 | | | | | | | | | | |
| 0072 3320 | 9-<br>CH2M Hill<br>435 1st St.<br>Mineola, N.Y. 11501 | | | | | | | | | | |
| 0072 3337 | 10-<br>Skadden, Arps, Slate, et al<br>919 Third Ave. Attn: C. Mcelhaney<br>New York, New York 10022 | | | | | | | | | | |
| 0072 3344 | 11-<br>Berkman, Henoch, Petterson et al<br>777 Zeckendorf Blvd<br>Garden City, New York 11530 | | | | | | | | | | |
| 0072 3351 | 12-<br>Joseph G. Page<br>55 Ashborne Rd<br>Garden City, N.Y. 11530 | | | | | | | | | | |

FILED: NASSAU COUNTY CLERK 09/11/2019 08:56 AM
NYSCEF DOC. NO. 41

INDEX NO. 610500/2019
RECEIVED NYSCEF: 09/11/2019

20-01060-shl   Doc 1   Filed 03/11/20   Entered 03/11/20 20:44:05   Main Document
Pg 18 of 21

Name and Address of Sender: Treasurer of Nassau County, 240 Old Country Road, Mineola, New York 11501-0821

Cert. 130/99

3 of 4

| Line | Article Number | Name, Address | Postage | Fee | Handling Charge | Act. Value (if Regd.) | Insured Value | Due Sender R COD | R.R. Fee | E.D. Fee | S.H. Fee | Rest. Del. Fee / Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 0092 3368 | Jackson Steel Products Inc. 435 First St. Mineola, N.Y. 11501 | | | | | | | | | | |
| 14 | 0092 3375 | William Edwards Profit Sharing Trust 1140 Franklin Ave. Room 200 Garden City, N.Y. 11530 | | | | | | | | | | |
| 15 | 0092 3382 | M.V. Barned Realty Inc. 138 Kilburn Rd. Garden City, N.Y. 11530 | | | | | | | | | | |
| 16 | 0092 3399 | Norstar Bank 40 Main Street Hempstead, N.Y. 11550 | | | | | | | | | | |
| 17 | 0092 3405 | Charles W. Thomas 76 Stratford Rd. Garden City, N.Y. 11530 | | | | | | | | | | |

Total Number of Pieces Listed by Sender: 5
Total Number of Pieces Received at Post Office: 5

PS Form 3877, February 1994

| | Article Number | Name of Addressee, Street, and Post Office Address | Postage | Fee | Handling Charge | Act. Value (if Regis) | Insured Value | Due Sender if COD | R.R. Fee | S.D. Fee | S.H. Fee | Rebr. Del. Fee Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0008 3230 0000 0072 3442 | John J. Beransky<br>P.O. Box 260<br>159 Twin Lakes Rd<br>South Salem, N.Y. 10590 | | | | | | | | | | |
| 19. | 0072 3429 | U.S. Environmental Protection Agcy<br>Region 2<br>290 Broadway<br>New York, N.Y. 10007-1866 | | | | | | | | | | |

Treasurer of Nassau County
240 Old Country Road
Mineola, New York 11501-0821    349/94

Indicate type of mail:
☐ Registered  ☐ Return Receipt
☐ Insured        for Merchandise
☐ COD            ☐ Int'l Recorded Del.
☐ Certified     ☐ Express Mail

Check appropriate block for Registered Mail:
☐ With Postal Insurance
☐ Without Postal Insurance

Affix stamp here if issued as certificate of mailing or for additional copies of this bill.
Postmark and Date of Receipt

404

Total Number of Pieces Listed by Sender: 2
Total Number of Pieces Received at Post Office: 1

Form 3877, February 1994      Form Must be Completed by Typewriter, Ink or Ball Point Pen

EXHIBIT B

FILED: NASSAU COUNTY CLERK 09/11/2019 08:58 PM

NYSCEF DOC. NO. 25

20-01060-shl    Doc 1    Filed 03/11/20    Entered 03/11/20 20:44:05    Main Document

Pg 21 of 21

INDEX NO. 610500/2019

RECEIVED NYSCEF: 09/11/2019

Class Two, Three and Four
Properties Only

## TAX DEED APPLICATION

STATE OF NEW YORK:
         SS
COUNTY OF NASSAU :

_Carl Schroeter_ _____ being duly sworn,

deposes and says the following:

I am the _Director of Real Estate_ _____ owner and holder of the
_County of Nassau_

tax sale certificate number(s) _1031_

issued by the County Treasurer in the annual tax lien sale held

February, 21 1995. I have searched the records in the County Clerk's

Office, the County Treasurer's Office, the Surrogate's Court of the

County of Nassau, as well as the Tax Receiver's Office in the Town,

City, and/or Village where the property is located. I have been unable

to find from such search any person, other than the names listed in the

notices served in compliance with Section 5-51.0 of the Nassau County

Administrative Code, who could be characterized as an actual occupant,

owner in fee, registered agent of the owner, attorney-in-fact whose

power of attorney is duly recorded, trustee, mortgagee or his registered

tax agent, judgment creditor, or tax lien purchaser on the same property

(whose tax certificate is a subordinate lien on said premises), or the

heirs or assigns of any of them, or any other person having a lien, claim

or interest appearing of record on the premises affected by the sale.

If there is an actual occupant of the parcel served, I further verify

that he has been named and served with the notice to redeem.

        Therefore, deponent requests the tax deed be issued in

accordance with the laws of this County and State.

Sworn to before me this

_10th_ day of _November_ 2011

KEVIN WALSH
Notary Public, State of New York
No. 02WA4956523
Qualified in Suffolk County
Commission Expires Sept. 25, 2013